IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRYL A. CRAWFORD,
    Petitioner,

vs.                                              Case No.:  3:11cv530/MCR/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as an unauthorized successive petition (doc. 11).  Petitioner filed a response in opposition to the motion (doc. 13).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in the Circuit Court in and for Escambia County, Florida, Case No. 98-CF-002795, Petitioner was convicted of robbery with a weapon (doc. 11, Ex. A).  On July 21, 1999, he was adjudicated guilty and sentenced as a habitual violent felony offender ("HVFO") to fifty (50) years of imprisonment, with a 15-year mandatory minimum and pre-sentence jail credit of one year and twelve (12) days (*id.*).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA") (doc. 11, Ex. B).  The First DCA affirmed the judgment per curiam without written opinion on June 28, 2000, with the mandate issuing July 14, 2000 (*id.*).

Respondent contends, and Petitioner acknowledges, that Petitioner previously filed a § 2254 petition in this court challenging the validity of his conviction and sentence (doc. 11 at 2–3, Ex. C;

doc. 13 at 1).[1]  The records of this court confirm that Petitioner previously filed a federal habeas petition in this court.  *See* Crawford v. Rathmann, 3:03cv135/RV/MD, Doc. 1, Petition (N.D. Fla. Apr. 4, 2003).  In that petition and Petitioner's amended petition, Petitioner challenged the same state court judgment which he now challenges.  *See id.*, Docs. 1, 10.  The State filed a motion to dismiss the petition as untimely and submitted portions of the state court record in support of its motion.  *See id.*, Doc. 15, Answer/Response (N.D. Fla. Oct. 20, 2003).  Following a Report and Recommendation, the amended petition in Case No. 3:03cv135/MCR/MD was dismissed on May 17, 2004, as untimely.  *See id.*, Doc. 22, Report and Recommendation (N.D. Fla. Apr. 21, 2004); Doc. 24, Order (N.D. Fla. May 17, 2004); Doc. 25, Judgment (N.D. Fla. May 17, 2004).  Petitioner did not appeal the decision.

In the instant habeas petition, Petitioner again challenges the judgment in Escambia County Case No. 98-CF-002795, asserting the trial court violated his rights to due process and equal protection by imposing a HVFO sentence even though one of his prior convictions upon which the enhancement was based (his conviction in Escambia County Case No. 94-CF-773) was not a qualifying conviction (doc. 1 at 4; doc. 2).

II.  ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997).  The

---

[1] Petitioner stated in his petition that he had not previously filed a § 2254 petition regarding the validity of his state court confinement (doc. 1 at 3).  His petition included a signed declaration, under penalties of perjury, that his statements in the petition were true and correct (*id.* at 6).  After Respondent noted in its motion to dismiss that a court may refer a prisoner who knowingly files frivolous pleadings to the Florida Department of Corrections for consideration of disciplinary action which may include loss of gain time (*see* doc. 11 at 2 n.2), Petitioner acknowledged he filed a prior petition, but explained he was not aware that a prior petition denied on procedural grounds qualified as a first petition for purposes of successiveness (doc. 13 at 1).  He additionally argued he challenged only the timeliness of his Rule 3.850 motion in his previous petition (*id.*).  The court notes that the petition form did not ask Petitioner whether he previously filed a § 2254 that qualified as a first petition—it simply asked him if he previously filed a § 2254 regarding the validity of his state confinement (*see* doc. 1 at 3).  Further, Petitioner did not simply argue the timeliness of his Rule 3.850 motion in his first petition, he challenged his conviction and sentence, asserting three claims of ineffective assistance of trial counsel and three claims of trial court error, one of which (Ground Five) challenged the trial court's imposition of the HVFO sentence.

Case No.:  3:11cv530/MCR/EMT

instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 2003. Furthermore, Petitioner's 2003 petition qualified as a first petition for the purpose of determining successor status because the court dismissed it with prejudice as untimely.[2] *See* Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims).

In Petitioner's response to Respondent's motion to dismiss, he contends the instant petition is not "second or successive," because the error of which he complains did not arise until after the first § 2254 proceeding (doc. 13 at 1). He argues he was denied due process during the state post-conviction proceeding in which he litigated the constitutional challenge to his HVFO sentence (*id.* at 1–2). He states he presented the claim to the state courts in a Rule 3.800(a) motion filed after his first § 2254 petition, and the State "attempted" to suppress evidence during the Rule 3.800(a) proceeding, specifically, a transcript of the sentencing hearing in Case No. 94-CF-773, in which the sentencing court did not orally adjudicate Petitioner guilty (this is the basis for Petitioner's contention that he was not actually convicted in that case) (*see id.* at 1–2; doc. 2, Ex. A). Petitioner cites Magwood v. Patterson, — U.S. —, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) in support of his argument (doc. 13 at 1).

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:11cv530/MCR/EMT

Petitioner's reliance upon Magwood is misplaced.  In Magwood, the Supreme Court addressed whether the AEDPA's restriction on "second or successive" habeas petitions applied to a defendant who had already filed a 28 U.S.C. § 2254 petition attacking his original judgment, but who then filed a second section 2254 petition attacking a second intervening judgment.  Magwood, 130 S. Ct. at 2795.  In doing so, the Court reasoned that because a habeas petitioner seeks the invalidation of his state court judgment, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797.  Thus, when "there is a 'new judgment intervening between the two habeas petitions,' [a petition] challenging the resulting new judgment is not 'second or successive' at all."  *Id.* at 2802 (citation omitted).  "[T]he existence of a new judgment is dispositive." *Id.* at 2800.

In the instant case, Petitioner does not allege that a new judgment was entered in his case.  The judgment he attacks in the instant § 2254 petition is the same judgment he attacked in his first § 2254 petition.  Therefore, Magwood does not apply.

Additionally, Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition.  *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).  Because § 2244(b)(3)(A) operates as a jurisdictional bar, not merely a procedural bar, Petitioner's suggestion that he is entitled to review of his habeas claim because he is "actually innocent" of the HVFO sentence (*see* doc. 1 at 7; doc. 2 at 4) is unavailing.

Based upon the foregoing discussion, the petition is an unauthorized second or successive petition.  Therefore, this court does not have jurisdiction to consider it.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 11) be **GRANTED**.
2. That this habeas action be **DISMISSED** for lack of jurisdiction.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of April 2012.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**